**[This opinion has been published in *Ohio Official Reports* at 80 Ohio St.3d 278.]**

MAHONING COUNTY BAR ASSOCIATION *v.* COYLE.

[Cite as *Mahoning Cty. Bar Assn. v. Coyle*, 1997-Ohio-316.]

*Attorneys at law—Misconduct—Indefinite suspension—Withdrawing from representation without permission—Withdrawing without taking steps to ensure client is not prejudiced—Withdrawing without returning unearned fees—Failing to seek lawful objective of client—Failing to carry out contract of employment—Neglect of an entrusted legal matter—Engaging in conduct prejudicial to the administration of justice—Engaging in conduct adversely reflecting on fitness to practice law—Handling a legal matter while unprepared.*

(No. 97-1286—Submitted August 26, 1997—Decided November 19, 1997.)

ON CERTIFIED REPORT by the Board of Commissioners on Grievances and Discipline of the Supreme Court, No. 96-42.

————————————

{¶ 1} On December 18, 1996, relator, Mahoning County Bar Association, moved for a default judgment against respondent, James F. Coyle of Youngstown, Ohio, Attorney Registration No. 0004836, based on his failure to answer relator's April 1996 complaint charging him with violating several Disciplinary Rules.

{¶ 2} A panel of the Board of Commissioners on Grievances and Discipline of the Supreme Court ("board") found that the complaint was transmitted to respondent by certified mail at his last known business address and returned by the post-office marked "moved left no address." After relator unsuccessfully attempted to serve respondent with the complaint at his last known home address, relator served the Clerk of the Supreme Court as an agent of respondent. Respondent filed no answer to the complaint.

**{¶ 3}** Based upon the allegations of the complaint and the affidavits and grievances attached to relator's motion for default judgment, the panel found that in 1993 Lawrence C. Memmer paid respondent a $5,000 retainer to represent him in domestic relations court. After Memmer disapproved of the settlement negotiated by respondent, respondent failed to keep Memmer advised about the status of the case. Eventually Memmer was told that respondent had left town. Memmer had also retained respondent to represent him with respect to a traffic violation. Because of respondent's inaction in this latter matter, Memmer was required to find another attorney. Respondent did return the $100 retainer Memmer paid him for representation with respect to the traffic violation charge.

**{¶ 4}** The panel further found that in early 1995 respondent failed to appear in federal court three times to answer a show cause order issued by United States District Court Judge Paul R. Matia.

**{¶ 5}** The panel further found that in 1988, Karen S. Johnson hired respondent and paid him a $2,000 retainer to file an action against her employer. Respondent obtained a default judgment for Johnson, but after the appellate court remanded the case for a determination of damages, respondent's secretary advised Johnson to pick up her file because respondent would not be practicing law in the future. Johnson found another lawyer who agreed to represent her and who settled the matter.

**{¶ 6}** The panel concluded that with respect to the Memmer matters, respondent violated DR 2-110(A)(1) (withdrawing from representation without permission), 2-110(A)(2) (withdrawing without taking steps to ensure that the client is not prejudiced), and 2-110(A)(3) (withdrawing without returning unearned fees), 7-101(A)(1) (failing to seek the lawful objectives of a client) and 7-101(A)(2) (failing to carry out a contract of employment), and 6-101(A)(3) (neglect of a legal entrusted matter). With respect to the grievance filed by Judge Matia, the panel concluded that respondent had violated DR 1-102(A)(5) (engaging in conduct

2

prejudicial to the administration of justice) and 1-102(A)(6) (engaging in conduct adversely reflecting upon one's fitness to practice law). The panel also concluded that with respect to the Johnson matter respondent violated DR 2-110(A)(2), and 6-101(A)(2) (handling a legal matter while unprepared), and 6-101(A)(3).

{¶ 7} The panel recommended that respondent be indefinitely suspended from the practice of law. The board adopted the findings, conclusions, and recommenda-tion of the panel.

———————————

*Jay Tims* and *John T. Dellick,* for relator.

———————————

***Per Curiam*.**

{¶ 8} We adopt the findings, conclusion, and recommendations of the board. Respondent is hereby indefinitely suspended from the practice of law in Ohio. Costs taxed to respondent.

*Judgment accordingly*.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER, COOK and LUNDBERG STRATTON, JJ., concur.

———————————